UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER ALAN KARL,

                        Plaintiff,

        -against-                                                22-CV-7275 (LTS)

NEW YORK DEPARTMENT OF MOTOR                                     ORDER OF DISMISSAL
VEHICLES,

                        Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction,

alleging that Defendant New York State Department of Motor Vehicles (DMV) violated his

rights under federal law when it denied him a state identification card. By order dated August 25,

2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without

prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. On August 22, 2022, Plaintiff

visited the DMV office near Penn Station in Manhattan in order to obtain a New York State non-

driver ID card. Plaintiff's allegations suggest that he was told that needed to provide certain

forms of identification in order to obtain a New York non-driver ID card. Plaintiff showed a

"letter from the U.S. Postal Service, [his] Birth Certificate, a Medical Report, [and] a letter from

the Woodstock where [he] can only volunteer [his] services." (ECF 2, at 5.) Plaintiff also had ID

"from the Church and the Bowery as well as a witness to verify [his] identity. (*Id.*) The DMV

"told [Plaintiff] that their computer informed them" that the forms of ID provided by Plaintiff

were invalid. (*Id.*) He states, "I was denied I.D. unless I had I.D. to which my image on their

2

computer which looked like me was not accepted as the misdirected computer program did not accept either." (*Id.*)

Plaintiff further alleges that people "who never were citizens" are being "bused in from Texas" and provided with state ID cards even though they have "no legal documents at all," but Plaintiff, who is "an American citizen of these United States," is unable to obtain a state ID card because he does not have the proper documents. (*Id.*)

Plaintiff asserts that the DMV "went against their obligation and duties in order to sustain an obvious act against civil rights, civil obligations, constitutional rights and many other violations of U.S. federal & state law." (*Id*. at 5.)

Plaintiff seeks $5,000 in damages and an order directing the DMV to issue him a New York State ID card.

## DISCUSSION

Because Plaintiff alleges that his constitutional and civil rights have been violated, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The Court dismisses Plaintiff's Section 1983 claims against the DMV. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

3

Eleventh Amendment immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984)*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). While prospective injunctive relief may be available against a state official acting in his or her official capacity, *Ex Parte Young*, 20 U.S. 123, 157 (1908), such relief is not available against the states or their agencies, *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that *Ex Parte Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought").

Here, the DMV is an agency acting on behalf of the State of New York and is entitled to sovereign immunity under the Eleventh Amendment. *See Feingold v. State of New York*, 366 F.3d 138, 149 (2d Cir. 2004) ("[W]e find that [Plaintiff's] § 1983 claim is clearly barred by the Eleventh Amendment because the DMV is a state agency."). Accordingly, the Court dismisses Plaintiff's claims brought under Section 1983 against the DMV under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the

Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter

jurisdiction.").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

The Court dismisses Plaintiff's complaint under the doctrine of Eleventh Amendment

immunity, for lack of subject matter jurisdiction, *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    September 6, 2022
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge